UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

```
IN RE:                          )
                                )    Chapter 7
JERRY L. CRAMER,                )
                                )    Bankruptcy No. 07-01317
     Debtor.                    )
                                )
BANK OF AMERICA,                )
                                )    Adversary No. 07-09155
     Plaintiff,                 )
                                )
vs.                             )
                                )
JERRY L. CRAMER,                )
                                )
     Defendant.                 )
```

**ORDER RE: MOTION FOR SUMMARY JUDGMENT**

This matter came before the undersigned on February 22, 2008 on Plaintiff's Motion for Summary Judgment.  Plaintiff Bank of America was represented by attorney Brad C. Epperly. Debtor/Defendant Jerry L. Cramer was represented by attorney Brian W. Peters.  After hearing the arguments of counsel, the Court took the matter under advisement.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

**STATEMENT OF THE CASE**

Plaintiff asserts it is entitled to summary judgment based on undisputed facts as shown in an Affidavit it filed in support of summary judgment.  Debtor, without filing an affidavit in dispute, argues that Plaintiff's Affidavit is insufficient to show that Plaintiff is entitled to summary judgment as a matter of law.

Debtor incurred charges of $7,500 on April 30, 2007, which is 85 days before he filed his bankruptcy petition, June 24, 2007. Plaintiff asserts: "The goods purchased by the Charges are luxury goods within the meaning of 11 U.S.C. § 523(a)(2)(A)." The Affidavit of Patrick Coble filed by Plaintiff uses nearly identical language.  Exhibit A attached to Plaintiff's Memorandum of Authorities includes a one-page account which is Debtor's May 2007 Statement for his Bank of America credit card account.  This statement shows a "Direct Deposit Balance Transfer" of $7,500

dated 04/30. The statement does not describe any "goods" in regard to this charge, whether luxury or not.

## CONCLUSIONS OF LAW

The Bankruptcy Code contains an exception from discharge for debts for luxury goods and services. <u>In re Feddersen</u>, 270 B.R. 733, 736 (Bankr. N.D. Iowa 2001). Section 523(a) states, in relevant part:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt–
>
> . . .
>
>     (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by--
>
>         (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;
>
> . . .
>
>         (C)(i) for purposes of subparagraph (A)--
>
>             (I) consumer debts owed to a single creditor and aggregating more than $550 for luxury goods or services incurred by an individual debtor on or within 90 days before the order for relief under this title are presumed to be nondischargeable; and
>
>             (II) cash advances aggregating more than $825 that are extensions of consumer credit under an open end credit plan obtained by an individual debtor on or within 70 days before the order for relief under this title, are presumed to be nondischargeable.

11 U.S.C.A. § 523(a)(2)(A), (C).

The Court notes that this statute treats debts for "luxury goods and services" incurred within 90 days of the petition date differently than debts for "cash advances" obtained within 70 days of the petition date. Although Plaintiff's Affidavit states Debtor's $7,500 charge was for luxury goods, this is contradicted by the credit card statement set out in Exhibit A and by

2

Plaintiff's Memorandum of Authorities describing the charge as a cash advance for a balance transfer.

Under subsection I of § 523(a)(2)(C)(i), debts for luxury goods incurred within 90 days of the petition date are excepted from discharge. Under subsection II, debts for cash advances obtained within 70 days of the petition date are excepted from discharge. Because the debt in question here arises from a cash advance within 90 days of the petition date, Plaintiff has failed to show it is entitled to summary judgment. The cash advance was not obtained within 70 days prepetition under subsection II. The credit card statement alone, even with Mr. Coble's Affidavit, is insufficient to identify the charges as purchases of luxury goods or services under subsection I.

**WHEREFORE**, Plaintiff's Motion for Summary Judgment is DENIED.

DATED AND ENTERED: February 25, 2008

_____
PAUL J. KILBURG
U.S. BANKRUPTCY JUDGE